United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| FRANCESCO VITALE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK NATIONAL ASSOCIATION, et al.,<br><br>　　　　　Defendants. | Case No.  23-cv-06019-BLF<br><br>**ORDER DENYING TEMPORARY RESTRAINING ORDER**<br><br>[Re:  ECF No. 5] |

On November 21, 2023, Plaintiffs Francesco and Frances Vitale, proceeding *pro se*, filed a motion for a temporary restraining order, seeking to enjoin a foreclosure sale on the property located at 4067 Cory Street, Suite 2, Soquel, California 95073 ("the Property").  ECF No. 5 ("Mot.").  On November 22, 2023, the Court ordered Plaintiffs to serve the motion on Defendants Wells Fargo Bank, N.A., WT Capital Lender Services, and Browning Law Group and ordered Defendants to file a response.  ECF No. 8.  On December 1, 2023, Defendant Wells Fargo Bank, N.A. filed an opposition to the motion.[1]  ECF No. 10 ("Opp.").  The Court finds the motion appropriate for disposition without oral argument.  *See* Civ. L.R. 7-1(b).

For the reasons discussed below, Plaintiffs' motion is DENIED WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction.

**I.　BACKGROUND**

Plaintiffs allege that on March 5, 2008, Francesco Vitale obtained a mortgage loan from Wells Fargo, which was secured by a deed of trust to the Property.  Mot. ¶ 21.  The Property is a

---

[1] The Court granted the parties' stipulation to extend time for Wells Fargo to file a more fulsome opposition to the motion.  ECF No. 13.  Wells Fargo had until December 15, 2023 to file any such opposition, but no further opposition was filed.

1  commercial/office property. *Id.* ¶ 29. On February 1, 2023, Francesco Vitale defaulted on his

2  obligations. ECF No. 1-1 Ex. D. On June 28, 2023, Defendant WT Capital Lender Services

3  recorded and sent to Plaintiffs a notice of default and election to sell the Property. ECF No. 1-1

4  Ex. E; *see also* Mot. ¶ 20 (stating that "Defendants, and each of them intend to sell the property,

5  having given notice that sale of the property is imminent.").

6  On November 21, 2023, Plaintiffs filed the complaint in this action, bringing causes of

7  action for (1) unjust enrichment; (2) "violations of the financial protections laws for commercial

8  loans"; (3) negligence; (4) quiet title; and (5) deprivations of rights under 42 U.S.C. § 1983. ECF

9  No. 1 ("Compl."). Plaintiffs appear to allege that Defendants do not have title or a perfected

10 security interest in the deed of trust to the Property or standing to proceed with the foreclosure sale

11 because the deed of trust was not transferred or assigned consistent with governing law and that

12 Defendants committed fraud at the initiation of the mortgage loan. *See id.* ¶¶ 25–78.

**II.  LEGAL STANDARD**

Courts use the same standard for issuing a temporary restraining order as that for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical." (internal quotation marks and citation omitted)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* at 20. "[I]f a plaintiff can only show that there are serious questions going to the merits – a lesser showing than likelihood of success on the merits – then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court finds that Plaintiffs have failed to meet their burden to demonstrate that they are likely to suffer irreparable harm and that they are likely to succeed on the merits.

First, Plaintiffs' alleged harm is not irreparable. Some courts have found that foreclosure may constitute irreparable harm when the subject property is a residential property. *See, e.g.*, *Fed. Trade Comm'n v. Kutzner*, No. CV1600999BROAFMX, 2017 WL 5188334, at *8 (C.D. Cal. Mar. 10, 2017); *but see Penina Tagoia v. Wells Fargo Bank, N.A.*, No. 17-CV-06777-YGR, 2018 WL 646643, at *3 (N.D. Cal. Jan. 31, 2018) (denying a motion for a TRO to enjoin a foreclosure on a residential property because the plaintiffs failed to show a likelihood of success on the merits). "However, where the facts demonstrate the property that is the subject of the foreclosure is not the moving party's primary residence, and merely a rental property, courts have held there is no irreparable injury." *Field v. Genova Cap. Inc.*, No. 220CV09563ODWJCX, 2020 WL 6161450, at *3 (C.D. Cal. Oct. 21, 2020); *see also Ribeiro v. Bank of Am., N.A.*, No. 2:12-CV-337 JCM PAL, 2012 WL 727130, at *2 (D. Nev. Mar. 6, 2012) (similar). Here, it is undisputed that the Property is a commercial property in which Plaintiffs maintained an office. Mot. ¶ 29. Although Plaintiffs argue that the Property is "unique and non-fungible," *see id.*, they offer no facts that would suggest that their alleged injury is not compensable in money damages. Because Plaintiffs fail to do so, they have failed to meet their burden to show irreparable injury. *Field*, 2020 WL 6161450, at *4 (denying a motion for a temporary restraining order to enjoin a foreclosure on an investment property because the plaintiffs failed to show irreparable harm).

Second, Plaintiffs have failed to show a likelihood of success on the merits or even serious questions going to the merits. Plaintiffs' complaint is difficult to follow, but Plaintiffs' five causes of action appear to be premised on the allegations that Defendants participated in a "transaction scheme," which obscured or invalidated the chain of title to the deed of trust to the Property such that Defendants did not have legal authority to foreclose on the Property. *See* Compl. ¶¶ 25–78. The Court finds that these allegations are inadequate to show serious questions going to the merits, let alone to meet the higher likelihood of success on the merits requirement. Indeed, California courts and other courts in the Northern District have rejected substantially similar theories about a

3

1 defendant's alleged lack of ownership in mortgage notes. *See, e.g.*, *Boyd v. GMAC Mortg. LLC*,
2 No. C 11-5018 PSG, 2011 WL 6025906, at *4 (N.D. Cal. Dec. 5, 2011) (collecting cases);
3 *Kimball v. BAC Home Loans Servicing, LP*, No. 10-CV-05670-LHK, 2011 WL 577418, at *2
4 (N.D. Cal. Feb. 9, 2011) (holding that a plaintiff alleging a similar "securitization scheme" to
5 show that defendants did not have authority to initiate a foreclosure sale failed to show a
6 likelihood of success on the merits to obtain a TRO).

7   To the extent that Plaintiffs rely on allegations of fraud, the complaint fails to plead fraud
8 with particularity. "Parties must allege fraud with particularity under Federal Rule of Civil
9 Procedure 9(b), including the 'who, what, when, where, and how of the misconduct charged . . . .'"
10 *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023) (quoting *Depot, Inc. v. Caring*
11 *for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019)). Here, Plaintiffs allege that Defendants
12 engaged in fraud, but they fail to identify the circumstances constituting fraud such that
13 Defendants have notice of the particular misconduct alleged. *See, e.g.*, Mot. ¶ 26 ("Affiants also
14 allege that Defendants committed fraud in the inducement and concealment at the initiation of the
15 loan."); Compl. ¶ 59 ("Defendants failed to disclose."); Compl. ¶ 83 ("These actions were
16 deceptive, fraudulent and self-serving."); Compl. ¶ 106 (alleging that Defendants' demand of
17 payment was fraudulent). In light of this pleading deficiency, Plaintiffs have failed to show
18 serious questions going to the merits or a likelihood of success on the merits with respect to any
19 allegations of fraud.

20   Having concluded that Plaintiffs have failed to establish irreparable harm or a likelihood of
21 success or serious questions going to the merits, the Court need not reach the remainder of the
22 *Winter* factors. *See Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible
23 minimum the moving party must demonstrate a fair chance of success on the merits, or questions
24 serious enough to require litigation." (quotation marks and citation omitted)).

25 //
26 //
27 //
28 //

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs Francesco and Frances Vitale's Motion for a Temporary Restraining Order (ECF No. 5) is DENIED WITHOUT PREJUDICE to filing a noticed motion for a preliminary injunction.

Dated:  December 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge