1
2
3                    **UNITED STATES DISTRICT COURT**
4                   **NORTHERN DISTRICT OF CALIFORNIA**
5                          **SAN JOSE DIVISION**
6

7    FRANCESCO VITALE, et al.,              Case No.  23-cv-06019-BLF
8                    Plaintiffs,
                                            **ORDER GRANTING MOTIONS TO**
9            v.                             **DISMISS WITH LEAVE TO AMEND**
                                            **IN PART AND WITHOUT LEAVE TO**
10   WELLS FARGO BANK NATIONAL              **AMEND IN PART**
     ASSOCIATION, et al.,
11                                          [Re:  ECF No. 16, 17]
                    Defendants.
12

13           Before the Court are Defendants Wells Fargo Bank, N.A.'s ("Wells Fargo") and WT

14   Capital Lender Services'("WT") motions to dismiss *pro se* Plaintiffs Francesco "Frank" Vitale

15   and Frances Vitale's complaint.  ECF Nos. 16 ("Wells Fargo Mot."), 17 ("WT Mot.").

16   Defendants Browning Law Group APC and Yvonne Ramirez-Browning join in Wells Fargo's

17   motion.  ECF No. 18.  Plaintiffs filed an opposition.  ECF No. 21 ("Opp.").  Wells Fargo filed a

18   reply, which WT joined.  ECF Nos. 24 ("Reply"); 26 (WT's joinder).  The Court previously found

19   this motion suitable for disposition without oral argument and vacated the hearing previously

20   scheduled for May 23, 2024.  ECF No. 23; Civ. L.R. 70-1(b).

21           For the reasons stated below, the Court GRANTS the motion and will DISMISS the

22   Complaint with LEAVE TO AMEND IN PART and WITHOUT LEAVE TO AMEND IN PART.

23   **I.    BACKGROUND**

24           This case concerns real property located at 4067 Cory Street, Soquel, California 95073,

25   Assessor's Parcel No. 030-181-09 ("Property").  ECF No. 1 ("Compl.") ¶ 20.  On or about

26   February 27, 2004, Plaintiffs obtained a business line of credit from Wells Fargo.  *Id.* ¶ 54; ECF

27   No. 1-1 at 20–26 ("Compl. Ex. C").  The line of credit was secured by a deed of trust recorded

28   against the Property.  Compl. ¶ 54; ECF No. 1-1 at 3–19 ("Compl. Ex. B").  On February 1, 2023,

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiff Francesco Vitale defaulted on his obligations.  Wells Fargo then sent Francesco a letter demanding the past due amounts and notifying Francesco that failure to pay past due amounts might result in Wells Fargo exercising its rights and remedies under the deed of trust, including foreclosure of any collateral.  *See* ECF No. 1-1 at 27–30 ("Compl. Ex. D").  On June 28, 2023, WT Capital Lender Services sent Plaintiffs a notice of default and election to sell under the deed of trust.  Compl. ¶ 68; ECF No. 1-1 at 31–33 ("Compl. Ex. E").  Plaintiffs allege that Defendants do not have title or a perfected security interest in the deed of trust to the Property or standing to proceed with the foreclosure sale because the deed of trust was not transferred or assigned consistent with governing law and that Defendants committed fraud at the initiation of the mortgage loan.  *See* Compl. ¶¶ 25–78.  Plaintiffs also allege that they discharged the debt using a "tender negotiable bond," which Wells Fargo did not refuse and which set the balance of the debt to zero.  *See id.* ¶¶ 72–77; ECF No. 1-1 at 40–83 ("Compl. Ex. G").

On November 21, 2023, Plaintiffs filed the complaint in this action, bringing causes of action for (1) unjust enrichment; (2) "violations of the financial protections laws for commercial loans"; (3) negligence; (4) quiet title; and (5) deprivations of rights under 42 U.S.C. § 1983. ECF No. 1 ("Compl.").  Plaintiffs also filed a motion for a temporary restraining order.  ECF No. 5.  On December 18, 2023, the Court denied the motion, finding that Plaintiffs failed to show irreparable harm or a likelihood of success on the merits or even serious questions going to the merits.  ECF No. 14 at 3.

## II.   LEGAL STANDARD

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"A Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts

as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

## III. DISCUSSION

### A. Statutes of Limitations

Defendants argue that Plaintiffs claims must be dismissed because they are barred by the relevant statutes of limitations. Wells Fargo Mot. at 4–5. Defendants argue that Plaintiffs claims arise out of events that occurred between 2003 and 2004 or 2008. *Id.* at 4. Plaintiffs argue that equitable tolling and the continuing violation doctrine should apply to this case. Opp. at 5.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.

1    2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  "[A]

2    complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of

3    facts that would establish the timeliness of the claim."  *Id.* (alteration in original) (quoting

4    *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir.1995)).

5         "'Statute of limitations' is the collective term applied to acts or parts of acts that prescribe

6    the periods beyond which a plaintiff may not bring a cause of action."  *Fox v. Ethicon Endo-*

7    *Surgery, Inc.*, 35 Cal.4th 797, 806 (2005).  "[S]tatutes of limitation do not begin to run until a

8    cause of action accrues."  *Id.*  "Generally speaking, a cause of action accrues at 'the time when the

9    cause of action is complete with all of its elements.'"  *Id.* (quoting *Norgart v. Upjohn Co.*, 21

10   Cal.4th 383, 397 (1999)).  The elements for purposes of this rule are the generic elements of

11   wrongdoing, causation, and harm.  *Id.* at 807.

12        This general rule is subject to some exceptions.  One such exception is the "discovery

13   rule," under which a cause of action does not accrue until the plaintiff discovers, or has reason to

14   discover, the cause of action.  *Fox*, 35 Cal.4th at 807.  If a plaintiff's complaint shows on its face

15   that a claim would be barred by statutes of limitations, the plaintiff bears the burden of pleading

16   facts showing "(1) the time and manner of discovery and (2) the inability to have made earlier

17   discovery despite reasonable diligence."  *Carrillo v. Cnty. of Santa Clara*, 89 Cal.App.5th 227,

18   234 (2023), *as modified* (Mar. 14, 2023).  Another exception is the continuing violation doctrine,

19   which "aggregates a series of wrongs or injuries for purposes of the statute of limitations, treating

20   the limitations period as accruing for all of them upon commission or sufferance of the last of

21   them."  *Willis v. City of Carlsbad*, 48 Cal.App.5th 1104, 1124 (2020) (quoting *Aryeh v. Canon*

22   *Bus. Sols., Inc.*, 55 Cal.4th 1185, 1192 (2013)).  For the continuing violation doctrine to apply, the

23   plaintiff bears the burden of showing that the defendant engaged in "a pattern of reasonably

24   frequent and similar acts [that] may, in a given case, justify treating the acts as an indivisible

25   course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially

26   outside and partially inside the limitations period."  *Id.* (alteration in original) (quoting *Aryeh*, 55

27   Cal.4th at 1198).

28        In addition, although not an exception, the doctrine of equitable tolling is a judicially

United States District Court
Northern District of California

4

1  created, nonstatutory doctrine under which statutes of limitations are suspend or extended "as

2  necessary to ensure fundamental practicality and fairness." *State Comp. Ins. Fund v. Dep't of Ins.*,

3  96 Cal.App.5th 227, 240 (2023) (quoting *McDonald v. Antelope Valley Community College Dist.*,

4  45 Cal.4th 88, 99 (2008)).  Equitable tolling is a narrow remedy that is applied "occasionally and

5  in special situations." *Id.* (quoting Saint Francis Memorial Hospital v. State Dept. of Public

6  Health 9 Cal.5th 710, 724–25 (2020)).  Accordingly, a plaintiff seeking to apply equitable tolling

7  bears the burden of satisfying three elements: "[1] timely notice to the defendant, [2] lack of

8  prejudice to the defendant, and [3] reasonable and good faith conduct by the plaintiff." *Metabyte,*

9  *Inc. v. Technicolor S.A.*, 94 Cal.App.5th 265, 277 (2023) (quoting *Saint Francis Memorial*

10 *Hospital*, 9 Cal.5th at 725–26).

11        Plaintiffs' first three causes of action for unjust enrichment, "violations of the financial

12 protections laws for commercial loans," and negligence seek recovery based on fraud or mistake.

13 *See, e.g.*, Compl. ¶ 83 (Plaintiffs' first cause of action for unjust enrichment, alleging that

14 "payments made to and received by Defendants were misleading and designed to create a

15 windfall.  These actions were deceptive, fraudulent and self-serving."); Compl. ¶¶ 87, 94

16 (Plaintiffs' second cause of action, alleging that Defendants demanded payment for a debt owed

17 based on "false and misleading information" and by using "false, deceptive and misleading

18 representations"); Compl. ¶¶ 99, 101, 106 (Plaintiffs' third cause of action for negligence, alleging

19 that "Defendants intended to mislead," "Defendants made false representations," and "Defendants

20 . . . falsely demand[ed] payment").  Because these causes of action are based on fraud, the Court

21 must apply California law's three-year statute of limitations for "[a]n action for relief on the

22 ground of fraud or mistake."  Cal. Civ. Proc. Code § 338(d).  Plaintiffs' fourth cause of action is

23 an action for quiet title.  *See* Compl. ¶¶ 109–18.  "There is no statute of limitations specific to

24 quiet title actions.  Instead, courts refer to the underlying theory of relief . . . to determine which

25 limitations period applies." *Eleanor Licensing LLC v. Classic Recreations LLC*, 21 Cal.App.5th

26 599, 613 n.12 (2018).  Here, Plaintiffs' theory of relief is based on the same theory of fraud or

27 mistake under which Defendants "do not have authority to foreclose upon and sell the subject

28 property." *See* Compl. ¶ 111.  Because this theory is based on fraud or mistake, the Court again

United States District Court
Northern District of California

applies a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). Finally, Plaintiffs' fifth

cause of action is a claim under § 1983. *See* Compl ¶¶ 119–23. "A section 1983 cause of action is

subject to the forum state's statute of limitations for personal injury torts." *Shalabi v. City of*

*Fontana*, 11 Cal. 5th 842, 847 (2021). California law imposes a two-year statute of limitations for

personal injury torts. *See* Cal. Civ. Proc. Code § 335.1.

Defendants argue, and Plaintiffs do not appear to contest, that the allegedly fraudulent

conduct that gives rise to Plaintiffs' theories of liability occurred either in 2004 or prior to 2008.

*See* Wells Fargo Mot. at 4–5; *see also* Opp. at 3–5 (emphasizing that the allegedly unlawful

assignment, transfer, or conveyance occurred on or before the "closing date" of March 30, 2004).

The Court agrees. Although Plaintiffs' theory of liability is far from clear, the Court construes the

factual allegations in the Complaint liberally. *See Erickson*, 551 U.S. at 94. Even with a liberal

construction, the Complaint appear to allege that the fraudulent transfers that obscured or negated

Defendants' claims of title or security interest in the Property occurred on or before March 30,

2004. *See, e.g.*, Compl. ¶ 41 (alleging that Wells Fargo "has unlawfully purported to assign,

transfer, or convey its interest in Affiants' Note on or before closing date"); *id.* ¶ 44 ("There are no

documents or records Defendants can produce that demonstrate that prior to the approximate

March 30, 2004 closing date . . . the Tangible Note was duly indorsed [sic], transferred and

delivered to WF COMMERCIAL EQUIT TRUST 2004-1 . . . by operation of all applicable laws

. . ."); *id.* ¶ 46 ("Any documents . . . that purport to transfer a hypothecated beneficial security

interest over the Payment Intangible underlying collateral of the Tangible Note or Bill of

Exchange to WF COMMERCIAL EQUITY TRUST 2004-1 after the Alleged Closing Date March

30, 2004 are void as a matter of law."). Plaintiffs also appear to allege a transactional scheme in

which their commercial loan was "converted/exchanged for a Payment Intangible asset" and was

"used on trading and monetizing situations." *See id.* ¶¶ 33–39. However, according to the

Complaint, these events occurred "[f]rom 1998 until the financial crash of 2008–2009." *Id.* ¶ 36.

Accordingly, from the face of the Complaint, the statutes of limitations for Plaintiffs' claims

began to run in 2004 or 2009 at the latest. Plaintiffs' claims, brought between fourteen and

nineteen years later, are thus well beyond any relevant statute of limitations.

United States District Court
Northern District of California

Nor have Plaintiffs alleged sufficient facts to show that an exception to the accrual rule or the doctrine of equitable tolling applies.  First, Plaintiffs have not alleged facts showing the time and manner in which they discovered the allegedly unlawful conduct, nor have they alleged that they were unable to discover the allegedly unlawful conduct despite reasonable diligence.  *See Carrillo*, 89 Cal.App.5th at 234.  In light of this deficiency, Plaintiffs have failed to meet their burden to show that the discovery rule applies.  Second, Plaintiffs have not adequately alleged "a pattern of reasonably frequent or similar acts" that would justify the application of the continuing violation doctrine.  *See Willis*, 48 Cal.App.5th at 1124.  Finally, Plaintiffs have not alleged any facts that would justify the narrow remedy of equitable tolling.  Plaintiffs have not alleged facts showing that they provided timely notice to Defendants, that Defendants would not be prejudiced in having to litigate over events occurring between fourteen and nineteen years prior, and that Plaintiffs engaged in reasonable and good faith conduct.  *See Metabyte, Inc.*, 94 Cal.App.5th at 277.

In light of these deficiencies, the Court will DISMISS all of Plaintiffs' claims as time barred.  However, it is possible that Plaintiffs could amend to allege facts supporting one or more of the exceptions to the accrual rule or the equitable tolling doctrine.  Accordingly, the Court will GRANT LEAVE TO AMEND and will address the other deficiencies in the Complaint below.

### B.   Plaintiffs' "Show Me the Note" and "Securitization" Theories

Defendants argue that Plaintiffs' "show me the note" theory fails because California law does not require possession of an original promissory note to initiate foreclosure proceedings.  Wells Fargo Mot. at 5–6.  Defendants also argue that Plaintiffs' "securitization" theory has been rejected by California Courts because borrowers do not have standing to challenge any alleged assignments.  *Id.* at 6–7.  Plaintiffs do not respond to this argument in their opposition brief.

Defendants are correct that California courts and courts in this district have uniformly rejected "show me the note" theories under which the defendants' alleged lack of ownership in mortgage notes bars authority to initiate foreclosure.  *See Boyd v. GMAC Mortg. LLC*, No. C 11-5018 PSG, 2011 WL 6025906, at *4 & nn. 41, 42 (N.D. Cal. Dec. 5, 2011) (dismissing with leave to amend a complaint alleging that the defendants did not have authority to foreclose under a

1   "show me the note" theory and collecting cases).  Plaintiffs' theory of liability appears to rely at

2   least in part on a failure to prove a chain of title to the note for their line of credit and deed of trust,

3   and to the extent Plaintiffs raise such a theory, this theory fails.  *See, e.g.*, Compl. ¶¶ 40–53

4   (contesting assignment to "WF Commercial Equity Trust 2004-1"); Compl. ¶ 88 ("Defendants

5   have failed to prove up the existence of a debt to which Affiants are liable.").  Similarly,

6   Defendants are correct that California Courts have routinely rejected "securitization" theories in

7   which a borrower argues that irregularities in the securitization process prevented the assignment

8   of any interest to a securitized trust.  *See Kalnoki v. First Am. Tr. Servicing Sols., LLC*, 8

9   Cal.App.5th 23, 43 (2017) ("Because any alleged irregularities in the securitization process are

10  merely voidable at the securitized trust beneficiary's behest, and the [borrowers] are not

11  beneficiaries of the . . . securitized trust, they lack standing to challenge the Assignment on such

12  grounds.").  Although Plaintiffs challenge the assignment from Wells Fargo to "WF Commercial

13  Equity Trust 2004-1" as a basis for their theory that the foreclosure should be set aside, this theory

14  has been found insufficient by California courts to serve as a basis to set aside a foreclosure.  *See*

15  *id.* ("Thus, even if we assume the truth of the Kalnokis' allegations regarding the purported

16  securitization fail, such allegations are insufficient to set aside the foreclosure.").

17          Accordingly, construing Plaintiffs' factual allegations liberally and drawing all reasonable

18  inferences in their favor, the Court finds that Plaintiffs have failed to state a plausible claim for

19  relief because their causes of action are based on legally insufficient "show me the note" or

20  "securitization" theories.  The Court GRANTS LEAVE TO AMEND to allow Plaintiffs an

21  opportunity to allege further facts that might push Plaintiffs' claims beyond "show me the note" or

22  "securitization" theories.

23          **C.      Sufficiency of Pleadings Generally**

24          Defendants argue that the complaint fails to meet the pleading requirements of Federal

25  Rule of Civil Procedure 8(a)(2) and fails to allege fraud with particularity as required under

26  Federal Rule of Civil Procedure 9(b).  Wells Fargo Mot. at 7–9.  Plaintiffs argue that they have

27  adequately met the pleading standard of Rule 8.  Opp. at 6.

28          The Court agrees with Defendants.  "In its complaint, a plaintiff must give the defendant

United States District Court
Northern District of California

fair notice of its claims and the grounds upon which its claims rest.  Rule 8's pleading standard is 'liberal,' but still requires that the defendant receives notice as to what is at issue in the case." *Earth Island Inst. v. United States Forest Serv.*, 87 F.4th 1054, 1071 (9th Cir. 2023) (quoting *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)).  Plaintiffs' factual allegations are unorganized, conclusory, and at points unintelligible such that even when these allegations are liberally construed, the basis under which Plaintiffs bring their claims is difficult to discern.  In addition, none of Plaintiffs' causes of action identify the relevant elements of a claim or which facts satisfy those elements.  Plaintiffs' second cause of action also does not specify the relevant law under which this claim is brought.  Based on these deficiencies, Defendants have not been adequately informed as to the bases for Plaintiffs claims, and the Court finds that dismissal under Rule 8 is appropriate.  *See Fetuao-Salaita-Titie v. First Magnus Fin. Corp, Inc.*, No. 09CV822JMAJB, 2009 WL 1664952, at *2 (S.D. Cal. June 15, 2009) (dismissing with leave to amend a "rambling and unintelligible" complaint).

The Court again finds that Plaintiffs' allegations of fraud fail to meet the pleading requirements of Rule 9.  "Parties must allege fraud with particularity under Federal Rule of Civil Procedure 9(b), including the 'who, what, when, where, and how of the misconduct charged . . . .'" *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023) (quoting *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir. 2019)).  As the Court found in its order denying Plaintiffs' motion for a temporary restraining order, Plaintiffs have not identified the circumstances constituting fraud.  *See id.*; ECF No. 14 at 4.  In any amended complaint, the Court urges Plaintiffs to identify the "who, what, when, where, and how" for any fraudulent conduct alleged.

### D.    Particular Claims

#### i.    Unjust Enrichment

Defendants argue that Plaintiffs have failed to allege a claim for unjust enrichment because Plaintiffs have failed to allege how Wells Fargo's attempt to foreclose on the Property is unjust. Wells Fargo Mot. at 10.  The Court agrees.  "The elements of unjust enrichment are 'receipt of a benefit and unjust retention of the benefit at the expense of another.'  This equitable test does not

turn merely on the transfer of money or other benefits from one party to another—it requires injustice." *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014) (internal citation omitted) (quoting *Lectrodryer v. SeoulBank*, 77 Cal.App.4th 723, 726 (2000)), *abrogated on other grounds by Microsoft Corp. v. Baker*, 582 U.S. 23 (2017).  Plaintiffs appear to allege that the benefit of debt payments was unjustly retained by Defendants based on misleading, deceptive, or fraudulent conduct.  *See* Compl. ¶ 83.  As noted above, Plaintiffs have failed to plead fraud with particularity.  Here in particular, Plaintiffs fail to identify the circumstances that constitute misleading, deceptive, or fraudulent conduct.  Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND.

### ii.   Negligence

Defendants argue that Wells Fargo does not owe Plaintiffs a duty of care with respect to the line of credit.  Wells Fargo Mot. at 10–11.  "The elements of negligence are duty, breach, causation, and damages."  *Crum & Forster Indem. Co. v. Robb Rep. Media LLC*, No. 20-CV-00127-LB, 2020 WL 5366318, at *5 (N.D. Cal. Sept. 8, 2020) (citing *Hayes v. Cnty. of San Diego*, 57 Cal.4th 622, 629 (2013)).  "Generally, in a lender-borrower relationship, 'a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'"  *Saldana v. Wells Fargo Bank, N.A.*, 367 F.Supp.3d 1063, 1071 (N.D. Cal. 2019) (quoting *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal.App.3d 1089, 1096 (1991)).  Based on this general rule, Defendants suggest that Plaintiffs could never allege that Wells Fargo owes a duty of care.  Wells Fargo Mot. at 11.  Although Defendants are correct that Plaintiffs have failed to allege any facts that would show that Wells Fargo owed them a duty of care, the Court finds that it might still be possible for Plaintiffs to allege a duty of care.  *See Saldana*, 367 F.Supp.3d at 1071–72 (discussing an exception to the general rule).  Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND.

### iii.   Quiet Title

Defendants argue that Plaintiffs cannot sustain a quiet title action because they have not paid the outstanding debt secured by the Property.  Wells Fargo Mot. at 11–12.  The Court agrees.  "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful

owners of the property, i.e., that they have satisfied their obligations under the deed of trust.'" *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 975 (N.D. Cal. 2010) (quoting *Kelley v. Mortgage Elec. Registration Sys.*, 642 F.Supp.2d 1048, 1057 (N.D.Cal.2009)). Although Plaintiffs have alleged that they have satisfied their obligations under the deed of trust, the Court finds Plaintiffs' allegations implausible. Plaintiffs allege that they discharged the debt with a "tender negotiable bond." *See* Compl. ¶¶ 72–77. Plaintiffs also allege that they "fully discharged all debt under Title 48 C.F.R. 1.53.228 [sic]." *Id.* ¶ 56. In support of these allegations, Plaintiffs refer the Court to Exhibit G, which is a series of documents prepared by Plaintiff Francesco Vitale, which include, among other things, a letter from Francesco Vitale to Wells Fargo requesting a "debt assessment," a common law copyright notice, and various documents related to transactions between Francesco Vitale and a Francesco Vitale Trust. *See* Compl. Ex. G. But neither these documents nor 48 C.F.R. § 53.228 have the legal effect of discharging Plaintiffs' debt under the deed of trust. Thus, Plaintiffs have not plausibly alleged that they have satisfied their obligations under the deed of trust to bring a quiet title action. Accordingly, this claim is DISMISSED WITH LEAVE TO AMEND.

### iv.    Section 1983

Defendants argue that Plaintiffs have not identified a deprivation of any right secured by the Constitution or federal law and that Wells Fargo is not a state actor. Wells Fargo Mot. at 13. "To state a claim for relief under section 1983, [a plaintiff] must plead two essential elements: 1) that the Defendants acted under color of state law; and 2) that the Defendants caused them to be deprived of a right secured by the Constitution and laws of the United States." *Mitchell v. Kaiser Found. Health Plan, Inc.*, No. C 09-05306 RS, 2010 WL 1929134, at *3 (N.D. Cal. May 12, 2010) (alteration in original) (quoting *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.1997)). The Court agrees that Plaintiffs have failed to allege how Wells Fargo, or any of the Defendants, are state actors. Plaintiffs allege that Wells Fargo has been granted authority "to effectuate the currency for the people" and that Wells Fargo participates in a scheme orchestrated by the Federal Reserve by submitting Plaintiffs' note and deed of trust "as fiat currency into the system." Compl. ¶¶ 119–21. Even construed generously, Plaintiffs appear to be arguing that because Wells Fargo is

regulated by the federal government and acts pursuant to those regulations, that it is a state actor. This theory has been rejected by the Ninth Circuit.  *See Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (noting that the mere fact that a business is subject to regulation does not convert it into a state actor and holding that non-judicial foreclosure procedures do not involve state action).  To the extent that the allegations in Plaintiffs' § 1983 might be attributed to Defendants WT, the Browning Law Group, or Ramirez-Browning, Plaintiffs fail to allege that any of these Defendants is a state actor for the same reasons as Wells Fargo.  The Court finds that amendment of this claim would be futile because Plaintiffs cannot plausibly allege that any of the Defendants is a state actor.  Accordingly, this claim is DISMISSED WITHOUT LEAVE TO AMEND.

### E.    Defendant WT Capital Services

WT argues that, because it was acting within its statutory duties as a trustee, it is shielded from liability.  WT Mot. at 1–2.  WT also argues that it has no interest in the Property for a quiet title action and that it does not owe Plaintiffs a fiduciary duty for the negligence claim.  *Id.* at 2–3. Plaintiffs do not respond to these arguments.

The Court agrees that Plaintiffs' claims against WT, even when liberally construed, are based on the fact that WT sent Plaintiffs the notice of default and election to sell under deed of trust.  *See* Compl. ¶ 68; *see also* Compl. Ex. E (stating that WT was acting in its capacity as a trustee).  California law is clear that "[a] trustee's actions in executing a non-judicial foreclosure are privileged communications under Cal. Civ. Code section 47, and as such will not support a tort claim other than one for malicious prosecution."  *Mireles v. Wells Fargo Bank, N.A.*, 845 F.Supp.2d 1034, 1064 (C.D. Cal. 2012) (quoting *Champlaie v. BAC Home Loans Servicing, LP*, 706 F.Supp.2d 1029, 1062 (E.D.Cal.2009)).  Accordingly, Plaintiffs' negligence claim cannot be brought against WT, and the Court will DISMISS the negligence claim against WT WITHOUT LEAVE TO AMEND.  However, Plaintiffs' remaining claims for unjust enrichment, for violations of financial protection laws, and for quiet title are not claims that sound in tort and the Court does not find a basis to dismiss those claims.

On WT's argument that the quiet title claim should be dismissed because WT has no claim

United States District Court
Northern District of California

of ownership to the Property, the Court finds this claim inadequately briefed.  *See Stepanyan v. Lynch*, 621 F. App'x 447, 448 (9th Cir. 2015) (finding an argument that was inadequately briefed abandoned).  Because the Court dismisses Plaintiffs' quiet title claim with leave to amend, WT may renew its argument with more thorough analysis in the event that Plaintiffs continue to pursue their quiet title claim against WT.

**F.    The Federal Pro Se Program**

The Court urges Plaintiffs to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves.  The Federal Pro Se Program has an office at the location listed below.  Help is provided by appointment and on a drop-in basis.  Parties may make appointments by calling the program's staff attorney, Haohao Song, at 408-297-1480.  Additional information about the Federal Pro Se Program is available at http://cand.uscourts.gov/helpcentersj.

Federal Pro Se Program
United States Courthouse
280 South 1st Street 2nd Floor, Room 2070
San Jose, CA 95113
Monday to Thursday 9:00 am – 4:00 pm

//

//

//

//

//

//

//

//

//

//

//

//

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Defendants Wells Fargo Bank, N.A.'s motion to dismiss (ECF No. 16) is GRANTED WITH LEAVE TO AMEND IN PART and WITHOUT LEAVE TO AMEND IN PART.  Claims 1–4 are dismissed with leave to amend, and Claim 5 (Section 1983) against all Defendants is dismissed without leave to amend.

2.      WT Capital Lender Services' motion to dismiss (ECF No. 17) is GRANTED WITH LEAVE TO AMEND IN PART and WITHOUT LEAVE TO AMEND IN PART.  Claims 1, 2, and 4 are dismissed with leave to amend, and Claim 3 (negligence) against WT is dismissed without leave to amend.

3.      Plaintiffs may file an amended complaint that addresses the deficiencies identified above within 30 days of the date of this Order, subject to reasonable extension by motion or stipulation.

Dated:  June 14, 2024

_____
BETH LABSON FREEMAN
United States District Judge