1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5                          SAN JOSE DIVISION

6

7    FRANCESCO VITALE, et al.,                  Case No.  5:23-cv-06019-BLF

8                  Plaintiffs,

9           v.                                  ORDER GRANTING MOTIONS TO
                                                DISMISS PLAINTIFFS' FIRST
10   WELLS FARGO BANK NATIONAL                   AMENDED COMPLAINT WITHOUT
     ASSOCIATION, et al.,                        LEAVE TO AMEND

11                  Defendants.                  [Re:  ECF Nos. 37, 44, 45]

12

13          Before the Court are Defendants Wells Fargo Bank, N.A.'s ("Wells Fargo") and WT

14   Capital Lender Services' ("WT Capital") motions to dismiss *pro se* Plaintiffs Francesco "Frank"

15   Vitale and Frances Vitale's ("Plaintiffs") First Amended Complaint.  ECF Nos. 37 ("Wells Fargo

16   Mot."), 45 ("WT Capital Mot.").  Defendants Browning Law Group and Yvonne Ramirez-

17   Browning join in Wells Fargo's motion.  ECF No. 44 ("Joinder Mot.").  Plaintiffs filed an

18   opposition to Wells Fargo's motion.  ECF No. 48 ("Opp.").  Because the opposition was filed after

19   the deadline for Plaintiffs' response to Wells Fargo's motion and after both Wells Fargo and WT

20   Capital had already filed reply briefs, *see* ECF Nos. 46 ("Wells Fargo Reply"), 47 ("WT Capital

21   Reply"), the Court permitted Wells Fargo to file an additional reply, ECF No. 52 ("Wells Fargo

22   Suppl. Reply").  This Order addresses both Wells Fargo's and WT Capital's motions to dismiss.

23          The Court finds these motions suitable for disposition without oral argument and hereby

24   VACATES the hearings set for November 8, 2024, and January 2, 2025.  *See* Civ. L.R. 7-1(b).

25   For the reasons stated below, the Court GRANTS the motions to dismiss, and DISMISSES the

26   First Amended Complaint WITHOUT LEAVE TO AMEND.

27   **I.      BACKGROUND**

28          This lawsuit concerns property located at 4067 Cory Street, Soquel, California 95073,

United States District Court
Northern District of California

1    Assessor's Parcel No. 030-181-09 ("Property").  ECF No. 34 ("Amended Compl.") ¶ 9.  On or

2    about February 27, 2004, Plaintiff Frank Vitale obtained a business equity line of credit from

3    Wells Fargo.  *Id.* ¶ 34 & Ex. A.  The line of credit was secured by a deed of trust recorded against

4    the Property.  Amended Compl. ¶ 34 & Ex. B.  In 2023, Plaintiff defaulted on his obligations

5    under the loan documents.  On behalf of Wells Fargo, Browning Law Group then sent Plaintiff a

6    letter demanding the past due amounts and notifying him that failure to pay past due amounts

7    might result in Wells Fargo exercising its rights and remedies under the deed of trust, including

8    foreclosure of any collateral.  *See* Amended Compl., Ex. E.  Thereafter, on June 28, 2023, WT

9    Capital Lender Services sent Plaintiffs a notice of default and election to sell under the deed of

10   trust.  Amended Compl. ¶ 61.

11          Plaintiffs allege that they have already fully discharged their debt.  *Id.* ¶ 36.  Further, they

12   allege that Defendants do not have title or a perfected security interest in the deed of trust to the

13   Property or standing to proceed with the foreclosure sale because the deed of trust was not

14   transferred or assigned consistent with governing law, *id.* ¶¶ 16–33, and that Defendants

15   committed fraud at the initiation of the mortgage loan, *id.* ¶¶ 49–51.  On November 21, 2023,

16   Plaintiffs filed their initial complaint in this action, bringing causes of action for (1) unjust

17   enrichment; (2) "violations of the financial protections laws for commercial loans";

18   (3) negligence; (4) quiet title; and (5) deprivations of rights under 42 U.S.C. § 1983.  ECF No. 1

19   ("Compl.").  Plaintiffs also filed a motion for a temporary restraining order, ECF No. 5, which was

20   denied for failure to show irreparable harm or a likelihood of success on the merits, ECF No. 14.

21   Defendants Wells Fargo and WT Capital then filed motions to dismiss, and Defendants Browning

22   Law Group and Yvonne Ramirez-Browning joined in Wells Fargo's motion.  ECF Nos. 16, 17,

23   18.

24          On June 14, 2024, this Court granted Defendants' motions.  ECF No. 32 ("June 14

25   Order").  Regarding Wells Fargo's motion, the Court dismissed Plaintiffs' Complaint with leave to

26   amend except as to Claim Five (deprivation of rights under 42 U.S.C. § 1983), which was denied

27   without leave to amend.  *Id.* at 14.  Regarding WT Capital's motion, the Court dismissed

28   Plaintiffs' complaint with leave to amend except as to Claim 3 (negligence), which was dismissed

United States District Court
Northern District of California

2

1    without leave to amend against WT Capital.  *Id.*

2         Plaintiffs filed a First Amended Complaint against Browning Law Group and Wells Fargo

3    Bank, N.A on July 29, 2024.  ECF No. 34.  The First Amended Complaint omitted Yvonne

4    Ramirez-Browning and WT Capital Lender Services from the caption and from the causes of

5    action.[1]  *See id.*  In the First Amended Complaint, Plaintiffs brought causes of action for

6    (1) violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*;

7    (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e;

8    (3) negligence; and (4) quiet title.  *Id.* ¶¶ 71–107.

9    **II.    LEGAL STANDARD**

10        "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however

11   inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

12   lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v.*

13   *Gamble*, 429 U.S. 97, 106 (1976)).

14        "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

15   claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"  *Conservation*

16   *Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

17   729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts

18   as true all well-pled factual allegations and construes them in the light most favorable to the

19   plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the

20   Court need not "accept as true allegations that contradict matters properly subject to judicial

21   notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

22   unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)

23   (internal quotation marks and citations omitted).  While a complaint need not contain detailed

24   factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

25   relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

26

27   _____

     [1] Yvonne Ramirez-Browning is referenced at paragraph 11 of the First Amended Complaint;
28   however, no claims are stated against her separate from Browning Law Group.  *See* Amended
     Compl. ¶¶ 11, 71–107.

United States District Court
Northern District of California

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence Capital*, 316 F.3d at 1052.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.*  However, a strong showing with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

## III.    DISCUSSION

Following this Court's June 14, 2024 Order dismissing Plaintiffs' initial Complaint, Plaintiffs had the opportunity to amend their Complaint in order to allege additional facts showing (1) that their claims were not time barred; (2) that their causes of action were based on theories other than the legally insufficient "show me the note" or "securitization" theories; and (3) that they could state facts sufficient to survive a further motion to dismiss under the pleading standards of Federal Rules of Civil Procedure 8 and 9(b).  *See* ECF No. 32.  Plaintiffs have failed to come forward with such additional facts.  Therefore, as there is no indication that Plaintiffs could cure the deficiencies in their First Amended Complaint through further attempts to amend, the Court will dismiss the First Amended Complaint without leave to amend.

### A.  Plaintiffs Have Improperly Introduced New Claims

As a preliminary matter, the Court notes that Plaintiffs' first and second causes of action in the First Amended Complaint—the RESPA and FDCPA claims—were not brought before the Court in the initial Complaint.  *Compare* Amended Compl. ¶¶ 71–87, *with* Compl. ¶¶ 79–123. Defendant Wells Fargo argues that it was improper for Plaintiffs to add these new claims to their First Amended Complaint, because those claims "exceed the scope of amendment allowed by the Court in its June, 14, 2024 ruling."  Wells Fargo Mot. at 5.  Plaintiffs do not respond to this

United States District Court
Northern District of California

1    argument in their Opposition.

2          Wells Fargo is correct that when "leave to amend is given to cure deficiencies in certain

3    specified claims, courts have held that new claims alleged for the first time in the amended

4    pleading should be dismissed or stricken." *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 300 F.

5    Supp. 3d 1073, 1083 n.7 (S.D. Cal. 2017) (quoting *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-

6    CV-01390, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010)).  Here, the June 14 Order

7    expressly stated that Plaintiffs could "file an amended complaint *that addresses the deficiencies*

8    *identified [in the Order]*."  ECF No. 32 at 14 (emphasis added).  The Court identified various

9    deficiencies related to the five causes of action pled in the initial Complaint, but it did not grant

10   leave to add new claims.  However, in light of Plaintiffs' *pro se* status, the Court finds it

11   unnecessary to strike the First and Second Causes of Action from the First Amended Complaint

12   and will analyze the validity of those claims alongside the remaining causes of action.

13   **B. Plaintiffs Have Still Failed to Articulate a Valid Legal Theory**

14         The Court's June 14 Order explained that California courts have rejected the "show me the

15   note" and "securitization" theories underlying Plaintiffs' claims.  ECF No. 32 at 7–8.  Specifically,

16   the Court explained that Defendants are correct that, under California law, possession of an

17   original promissory note is not necessary to initiate foreclosure proceedings.  *Id.* at 7; *see Boyd v.*

18   *GMAC Mortg. LLC*, No. C 11-5018, 2011 WL 6025906, at *4 & nn.41, 42 (N.D. Cal. Dec. 5,

19   2011), *aff'd in part, appeal dismissed in part*, 584 F. App'x 656 (9th Cir. 2014) (collecting cases

20   showing that in California it is not necessary to produce an original promissory note prior to

21   initiation of nonjudicial foreclosure).  Likewise, the Court confirmed the validity of Defendants'

22   argument that Plaintiffs lack standing to challenge the assignment from Wells Fargo to "WF

23   Commercial Equity Trust 2004-1."  ECF No. 32 at 8; *see Kalnoki v. First Am. Tr. Servicing Sols.,*

24   *LLC*, 8 Cal. App. 5th 23, 43 (2017) (explaining that borrowers that are not beneficiaries of a

25   securitized trust lack standing to challenge an assignment to the trust).  Plaintiffs were informed

26   that they had leave to amend to give them "an opportunity to allege further facts that might push

27   [their] claims beyond 'show me the note' or 'securitization' theories."  ECF No. 32 at 8.

28         In its motion to dismiss Plaintiffs' First Amended Complaint, Defendant Wells Fargo

United States District Court
Northern District of California

5

United States District Court
Northern District of California

argues that the "entire FAC is still focused on the[se] long-debunked theories." Wells Fargo Mot. at 7. Wells Fargo is correct. Nothing in the First Amended Complaint even attempts to allege facts supporting a valid theory of liability. And Plaintiffs' Opposition makes this defect clear by reiterating their claims that Defendants cannot show a valid assignment and that Plaintiffs have already discharged the note. Opp. at 3–5. In so doing, Plaintiffs have failed to introduce a new, valid theory on which to base their fundamental allegation that Defendant lacks the right to initiate foreclosure proceedings. Ninth Circuit authority confirms that Plaintiffs do not have standing to challenge the assignment, and Plaintiffs have not offered any contrary case law. *See In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017). And Plaintiffs' conclusory allegations that they have "discharged" their mortgage debt are unsupported: Plaintiffs suggest that they identified the holder of the debt and "fully discharged debt under Title 48 CFR.1.53.228 [sic]," Amended Compl. ¶ 36; Opp. at 4–5, but they offer no specific factual allegations nor supporting documentation plausibly suggesting that their debt has been legally discharged. Plaintiffs' claims are not plausible, and they are based on theories long ago rejected by the Ninth Circuit.

### C. Plaintiffs' RESPA and Quiet Title Claims are Time Barred

As the Court's June 14 Order explained, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); ECF No. 32 at 3. A statute of limitations begins to run when the cause of action accrues, which is generally "at the time when the cause of action is complete with all of its elements," including wrongdoing, causation, and harm. *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806–07 (2005) (internal quotations omitted). There are, however, exceptions to the general accrual rule, including the "discovery rule" and the "continuing violation doctrine." *See id.* at 807; *Willis v. City of Carlsbad*, 48 Cal. App. 5th 1104, 1124 (2020). The doctrine of equitable tolling can also suspend or extend statutes of limitations "as necessary to ensure fundamental practicality and fairness." *State Comp. Ins. Fund v. Dep't of Ins.*, 96 Cal. App. 5th 227, 240 (2023) (quoting *McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88,

99 (2008)).  For any of these three doctrines to save a claim that appears on the face of a complaint to be time barred, the plaintiff has the burden of pleading facts showing the applicability of the doctrine.

Wells Fargo argues that each of Plaintiffs' claims is time barred.  Wells Fargo Mot. at 10–15; Wells Fargo Suppl. Reply at 2–4.  Plaintiffs do not individually address the statutes of limitations for their four claims, but they argue generally that "[a]ny applicable statute of limitations was equitably tolled based on [Wells Fargo]'s continuing violations."  Opp. at 5.  In addition, Plaintiffs point to the April 2023 letter that Frank Vitale received from Browning Law Group, informing him of the possibility that Wells Fargo might commence foreclosure proceedings if Mr. Vitale did not fulfill his obligations under the loan agreement, as well as the June 2023 Notice of Default and Election to Sell Under Deed of Trust received from WT Capital Lender Services as conduct on which their claims are based.  *Id.* at 6.  Plaintiffs therefore appear to argue (1) that fundamental fairness requires tolling the applicable statutes of limitations, and (2) that certain alleged violations fell within the limitations period for each claim.

Insofar as they purport to be based on the April and June 2023 letters to Frank Vitale sent by Browning Law Group and WT Capital Lender Services, the Court finds that Plaintiffs' second and third causes of action in the First Amended Complaint arguably allege violations within the applicable limitations periods.  *See* Amended Compl. ¶¶ 77–97.  In reaching this conclusion, the Court again emphasizes the requirement that complaints filed *pro se* must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94.

Plaintiffs' Second Cause of Action—for violations of the FDCPA—states that "Defendants violated the FDCPA by providing false and misleading information by mailing a . . . letter . . . to the Plaintiffs which asked for United States Currency as payment for an alleged debt owed," while allegedly failing to prove the existence of the stated debt.  Amended Compl. ¶ 78–79.  These statements appear to refer to the communication sent by Browning Law Group in April 2023.  *See id.* Ex. E; *see also* Opp. at 6.  In its motion to dismiss, Wells Fargo argues only that Plaintiffs' FDCPA claim is time-barred "[t]o the extent that Plaintiffs' claims hinge on allegations pertaining

7

1    to acts that took place prior to November 21, 2022." Wells Fargo Mot. at 12. Because the

2    conduct at the heart of Plaintiffs' FDCPA claim appears to be a debt collection communication

3    sent several months *after* November 21, 2022, the Court declines to dismiss Plaintiffs' Second

4    Cause of Action based on Wells Fargo's statute of limitations argument.

5         Similarly, Plaintiffs' negligence claim references a letter sent by WT Capital Lender

6    Services "under the guise of being a debt collector," which allegedly included false

7    representations. Amended Compl. ¶ 90–91. Reviewing the First Amended Complaint with a

8    liberal construction, the third cause of action thus appears to be based upon a letter sent by WT

9    Capital in June 2023. *See id.* ¶ 61; *see also* Opp. at 6. Plaintiffs filed suit only about five months

10   after WT Capital sent the letter in question. *See* ECF No. 1. Yet Wells Fargo notes in its motion

11   to dismiss that the applicable limitations period for Plaintiffs' negligence claim would be at least

12   two years. Wells Fargo Mot. at 14. Thus, the Court likewise declines to dismiss Plaintiffs'

13   negligence claim based on Wells Fargo's statute of limitations argument.

14        However, Plaintiffs have failed to allege any conduct within the applicable limitations

15   periods for their first and fourth causes of action. Their First Cause of Action—for violations of

16   RESPA—suggests that those violations occurred at the time that Plaintiffs made payments to

17   Defendants that "were misleading and designed to create a windfall." Amended Compl. ¶ 75. As

18   Wells Fargo points out in its motion to dismiss, RESPA's statute of limitations would require

19   Plaintiffs to allege a relevant payment sometime after either November 21, 2022 or November 21,

20   2020. *See* Wells Fargo Mot. at 10; 12 U.S.C. § 2614. As pled, however, Plaintiffs' First

21   Amended Complaint fails to give any indication that Plaintiffs made a payment to Defendants

22   during those time frames. This failure means that the RESPA cause of action does not "contain

23   sufficient factual matter" to state a facially plausible claim, *Ashcroft*, 556 U.S. at 678, so the Court

24   DISMISSES Plaintiffs' RESPA claim as time barred. While usually the Court might give leave to

25   amend this kind of pleading deficiency, section III.D.1 of this Order explains that amendment of

26   the RESPA claim would be futile. *See infra* at 10–11. Thus, dismissal of Plaintiffs' RESPA claim

27   is WITHOUT LEAVE TO AMEND.

28        Regarding their quiet title claim, Plaintiffs request a judicial determination of the parties'

1    rights, obligations, and interests regarding the Property.  Amended Compl. ¶ 101.  Plaintiffs allege

2    that Defendants have no legal interest in the property because "the promissory note is a forgery,"

3    *id.* ¶ 49, and because "no security interest in the Real Property was perfected in the name of any of

4    the successor Defendants" following the improper assignment of the deed of trust in 2004, *id.*

5    ¶¶ 24–26.  In other words, the facts alleged in the First Amended Complaint that are relevant to

6    the quiet title cause of action pertain to events that occurred in 2004, nearly twenty years before

7    Plaintiffs filed their initial Complaint.  Yet the Court has already concluded that the statute of

8    limitations for Plaintiffs' quiet title claim, which is premised on a theory of fraud or mistake, is

9    three years.  *See* ECF No. 32 at 5–6; Cal. Civ. Proc. Code § 338(d).

10        Furthermore, the Court concludes that Plaintiffs' First Amended Complaint does not

11   successfully invoke any doctrine extending the limitations period.  It is only the events resulting in

12   the purportedly invalid assignment and the purportedly fraudulent promissory note that bear upon

13   the quiet title cause of action, and neither of those standalone events suggests "a pattern of

14   reasonably frequent and similar acts" as required to invoke the continuing violation doctrine.  *See*

15   *Willis*, 48 Cal. App. 5th at 1124.  Likewise, Plaintiffs have not alleged the facts required to invoke

16   equitable tolling: that they "provided timely notice to Defendants, that Defendants would not be

17   prejudiced in having to litigate over events occurring between fourteen and nineteen years prior,

18   and that Plaintiffs engaged in reasonable and good faith conduct."  ECF No. 32 at 7; *see Metabyte,*

19   *Inc. v. Technicolor S.A.*, 94 Cal. App. 5th 265, 277 (2023), *rev. denied* (Nov. 15, 2023).  Finally,

20   the First Amended Complaint is devoid of the facts necessary to trigger application of the

21   discovery rule, and Plaintiffs do not even attempt to argue that it should apply.  To invoke the

22   discovery rule, Plaintiffs have the burden of showing the "time and manner" in which they

23   discovered their cause of action as well as "the inability to have made earlier discovery despite

24   reasonable diligence."  *Carillo v. Cnty. of Santa Clara*, 89 Cal. App. 5th 227, 234 (2023), *as*

25   *modified* (Mar. 14, 2023).  But the First Amended Complaint nowhere states the time at which

26   Plaintiffs first learned that they might have a quiet title cause of action, nor does it allege any facts

27   suggesting that they could not have discovered the cause of action earlier despite their reasonable

28   diligence.  *See generally* Amended Compl.  In short, Plaintiffs' quiet title cause of action accrued

United States District Court
Northern District of California

9

1    in 2004, and Plaintiffs' present suit was filed far outside of the limitations period for that claim.

2         Because Plaintiffs' First Amended Complaint fails to cure the deficiencies related to the

3    untimeliness of Plaintiffs' quiet title claim that were identified by the Court in the June 14 Order,

4    the Court hereby DISMISSES WITHOUT LEAVE TO AMEND Plaintiffs' Fourth Cause of

5    Action.

6         **D. Plaintiffs' Remaining Claims Each Fail**

7              **1.  RESPA**

8         As previously discussed, Plaintiffs' First Amended Complaint asserts for the first time a

9    cause of action for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.

10   § 2601 *et seq.*  *Supra* section III.A.  Defendant Wells Fargo argues that Plaintiffs' new cause of

11   action fails as a matter of law because RESPA does not apply to commercial lines of credit, and

12   Plaintiffs' underlying loan is for commercial purposes.  Wells Fargo Mot. at 9.  Plaintiffs do not

13   respond to this argument in their Opposition, instead acknowledging that they obtained "a

14   Business EquityLine of Credit" from Wells Fargo.  Opp. at 4.

15        Wells Fargo is correct that RESPA expressly exempts "credit transactions involving

16   extensions of credit . . . primarily for business, commercial, or agricultural purposes."  12 U.S.C.

17   § 2606; *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 417 (9th Cir. 2011).  In

18   determining whether the line of credit at issue here is exempt from RESPA, the Court may

19   consider documents incorporated into the First Amended Complaint.  Fed. R. Civ. P. 10(c) ("A

20   copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all

21   purposes."); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however,

22   consider certain materials—documents attached to the complaint, documents incorporated by

23   reference in the complaint, or matters of judicial notice—without converting the motion to dismiss

24   into a motion for summary judgment.").  This includes Exhibit A, the "Business Lending

25   Confirmation Letter" dated December 15, 2003, which lays out the terms of the Business

26   EquityLine of credit granted to Frank Vitale for the property at issue in this lawsuit.  Amended

27   Compl., Ex. A. at 1.  The confirmation letter clearly states that the line of credit "shall be used

28   solely for business or commercial purposes."  *Id.* at 2.  Thus, it is clear from the face of the

1    Complaint, incorporating the documents referenced therein, that Plaintiffs cannot state a claim

2    under RESPA for the line of credit that they challenge.  Since the Business Lending Confirmation

3    Letter makes clear that any attempt at amendment would be futile, the Court DISMISSES

4    WITHOUT LEAVE TO AMEND Plaintiffs' RESPA claim.

5                    **2.  FDCPA**

6            The Business Lending Confirmation Letter is similarly fatal to Plaintiffs' new FDCPA

7    claim.  Defendants argue that the FDCPA applies only to debts incurred "primarily for personal,

8    family, or household purposes," and that Plaintiffs' line of credit does not qualify because it was

9    extended for commercial purposes.  Wells Fargo Mot. at 10 (citing 15 U.S.C. § 1692a).  Again,

10   Plaintiffs do not respond directly to this argument in their Opposition.  Instead, they simply

11   reiterate that "Defendants have conspired with WT Capital Lender Services to violate . . . the Fair

12   Debt Collection Practices Act," while simultaneously acknowledging that they obtained a business

13   line of credit from Wells Fargo.  Opp. at 4, 6.

14           Wells Fargo is again correct that documents incorporated into Plaintiffs' First Amended

15   Complaint confirm the inapplicability of the FDCPA.  "[A] a suit brought under the FDCPA must

16   involve a 'debt' within the meaning of the statute," meaning one that is "primarily for personal,

17   family, or household purposes."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

18   Plaintiffs' Exhibit A clearly states that the line of credit is commercial in nature.  Amended

19   Compl., Ex. A. at 2.  Plaintiffs' loan is therefore not covered by the FDCPA, and any attempted

20   amendment with regard to this cause of action would be futile.  The Court DISMISSES

21   WITHOUT LEAVE TO AMEND Plaintiffs' FDCPA claim.

22                   **3.  Negligence**

23           In the June 14 Order, the Court gave Plaintiffs leave to amend their negligence claim in

24   order to show that Wells Fargo owed them a duty of care, which is a required element of a

25   negligence claim.  ECF No. 32 at 10; *see Crum & Forster Indem. Co. v. Robb Rep. Media LLC*,

26   No. 20-CV-00127, 2020 WL 5366318, at *5 (N.D. Cal. Sept. 8, 2020) ("The elements of

27   negligence are duty, breach, causation, and damages.").  Defendant argues that Plaintiffs' First

28   Amended Complaint still fails to allege that Wells Fargo owed them a duty of care, and further,

United States District Court
Northern District of California

1   that Plaintiffs cannot possibly make such an allegation because "as a general rule, a financial

2   institution owes no duty of care to a borrower."  Wells Fargo Mot. at 12 (alteration omitted);

3   *Noble v. Wells Fargo Bank, N.A.*, No. 14-CV-01963, 2017 WL 3421955, at *4 (E.D. Cal. Aug. 9,

4   2017), *aff'd*, 771 F. App'x 378 (9th Cir. 2019) (citation omitted).  Defendant also argues that even

5   if the Court were to construe Plaintiffs' claim as one for negligent misrepresentation, the claim

6   would fail for failure to plead the necessary elements and failure to meet the pleading

7   requirements of Federal Rule of Civil Procedure 9(b).  Wells Fargo Mot. at 13.  Plaintiffs do not

8   respond to Defendant's arguments regarding the negligence cause of action.

9         The Court finds that Plaintiff's cause of action should be construed as one for negligent

10  misrepresentation.  *See* Amended Compl. ¶¶ 89 ("Defendants intended to mislead Plaintiffs into

11  believing that Plaintiffs were under an obligation to forfeit the subject property . . ."); 91

12  ("Defendants made false representations to Plaintiff demanding payment on a debt.").  Viewed in

13  that light, Plaintiffs' First Amended Complaint does include statements related to each of the

14  elements of a misrepresentation claim: Plaintiffs allege that Wells Fargo misrepresented the fact

15  that payment was due on their debt, *id.* ¶ 91, that "Defendants knew or should have known that

16  said demand was made" invalidly, *id.* ¶ 92, that Defendants "intended that Plaintiffs accept the

17  representation . . . as true," *id.* ¶ 93, that "Plaintiffs believed Defendants and relied on Defendants'

18  representations," *id.* ¶ 94, and that Plaintiffs suffered "stress" and "harm" as a result, and have

19  thus been damaged, *id.* ¶¶ 95, 97.  *See Zetz v. Bos. Sci. Corp.*, 398 F. Supp. 3d 700, 713 (E.D. Cal.

20  2019) (stating the elements of a negligent misrepresentation claim).

21        However, these statements fail to state a claim because the Court need not "accept as true

22  allegations that contradict matters properly subject to judicial notice" or "allegations that are

23  merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead*

24  *Scis. Sec. Litig.*, 536 F.3d at 1055 (internal quotation marks and citations omitted).  The

25  documents attached to Plaintiffs' complaint establish that Wells Fargo granted a line of credit to

26  Defendant Frank Vitale and that Mr. Vitale's default on his obligations enabled Defendant to

27  initiate foreclosure proceedings.  Amended Compl., Exs. A, C, E.  Therefore, Plaintiffs' allegation

28  that Defendants "made false representations to Plaintiffs demanding payment on a debt" is

1    contradicted within the Amended Complaint, and the Court will not accept the allegation as true.

2           Furthermore, a negligent misrepresentation claim is a fraud-based claim.  Thus, it must

3    meet the pleading requirements of Federal Rule of Civil Procedure 9(b), meaning that Plaintiffs

4    must plead "the who, what, when, where, and how of the misconduct charged." *Das v. WMC*

5    *Mortg. Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011) (quoting *Vess v. Ciba–Geigy Corp.*

6    *USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).  Plaintiffs do not include the requisite level of detail

7    with regard to Defendants' alleged misrepresentation, so their negligence claim is independently

8    subject to dismissal based on a failure to plead facts adequate to meet the applicable pleading

9    standard.

10          Finally, to the extent that Plaintiffs seek to state a general negligence claim rather than a

11   claim for negligent misrepresentation, their Third Cause of Action should still be dismissed.  To

12   survive a motion to dismiss, a general negligence claim requires Plaintiffs to plead facts showing a

13   duty of care owed to them by Defendants.  *See Crum & Forster Indem. Co.*, 2020 WL 5366318, at

14   *5.  Plaintiffs' original Complaint did not do so, so the Court's June 14 Order explicitly gave

15   Plaintiffs the opportunity to amend their Complaint to allege a duty of care owed by Wells Fargo.

16   ECF No. 32 at 10.  However, as Wells Fargo's motion to dismiss the First Amended Complaint

17   correctly points out, Plaintiffs still do not make any such allegation in their amended complaint.

18   Wells Fargo Mot. at 12.  Nor do Plaintiffs respond to this point in their Opposition to Wells

19   Fargo's motion to dismiss.  *See generally* Opp.  Thus, even if Plaintiffs' Third Cause of Action is

20   construed as a general negligence claim rather than a claim for negligent misrepresentation, it is

21   subject to dismissal.

22          Plaintiffs have already had the opportunity to amend their negligence claim and were

23   unsuccessful in doing so.  In addition, the Court finds that Defendants would be prejudiced if

24   required to respond to a Second Amended Complaint, given Plaintiffs' repeated failure to put forth

25   any facts rendering it plausible that Wells Fargo lacked a right to initiate foreclosure.

26   Accordingly, Plaintiffs' negligence claim is DISMISSED WITHOUT LEAVE TO AMEND.

27       **E.  Former Defendant WT Capital Lender Services**

28          In their First Amended Complaint, Plaintiffs omit WT Capital Lender Services as a

13

defendant.  WT Capital filed a motion to dismiss, arguing that Plaintiffs' omission and failure to serve WT Capital with the First Amended Complaint conclusively establishes that WT Capital "is no longer a defendant in this action as a matter of law."  WT Capital Mot. at 3–4.  Plaintiffs did not oppose WT Capital's motion to dismiss, and do not appear to dispute that WT Capital is no longer a defendant.

WT Capital is correct that Plaintiffs' decision not to name WT Capital in the First Amended Complaint "operates as a voluntary dismissal of [their] claims against [it]."  *Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248, 2016 WL 1718189, at \*23 (N.D. Cal. Apr. 29, 2016).  Since each of Plaintiff's causes of action has been dismissed without leave to amend, the claims are hereby further DISMISSED WITHOUT LEAVE TO AMEND as against WT Capital.

### F.  Browning Law Group and Yvonne Ramirez-Browning

Plaintiffs' First Amended Complaint omits Yvonne Ramirez-Browning from the caption and does not assert any cause of action against her separately from Browning Law Group, although Ms. Ramirez-Browning is briefly mentioned in paragraph 11.  *See* Amended Compl. ¶¶ 11, 71–107.  Therefore, it appears that Plaintiffs have voluntarily dismissed their claims against Ms. Ramirez-Browning.  *See Powell*, 2016 WL 1718189, at \*23.

In any case, both Browning Law Group and Yvonne Ramirez-Browning filed a motion seeking to join in Wells Fargo's motion to dismiss on August 5, 2024.  ECF No. 44.  Plaintiffs did not oppose or otherwise respond to the joinder motion.  The Court GRANTS the unopposed motion to join in Wells Fargo's motion to dismiss.  For the same reasons discussed in relation to Wells Fargo's motion to dismiss, the claims are hereby further DISMISSED WITHOUT LEAVE TO AMEND as against Browning Law Group and Yvonne Ramirez-Browning.

### IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Defendant Wells Fargo Bank, N.A.'s motion to dismiss (ECF No. 37) is GRANTED; Plaintiffs' First Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND.

2.  WT Capital Lender Services' motion to dismiss (ECF No. 45) is GRANTED; all

United States District Court
Northern District of California

claims against WT Capital Lender Services are DISMISSED WITHOUT LEAVE TO AMEND.

3. Browning Law Group and Yvonne Ramirez-Browning's joinder in Wells Fargo Bank, N.A.'s motion to dismiss (ECF No. 44) is GRANTED and all claims against Browning Law Group and Yvonne Ramirez-Browning are DISMISSED WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated:  October 9, 2024

_____

BETH LABSON FREEMAN
United States District Judge

15